UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| NATIONAL OUTSOURCING SERVICES INC., *et al.*, | Case No. 2:19-cv-00131-JCM-GWF |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| TS DYNAMIC CORP., *et al.*, | |
| Defendants. | |

Presently before the court is third-party defendant Christopher Rangel's ("Rangel") motion to dismiss TS Dynamic Corp.'s ("TS Dynamic") third-party complaint. (ECF No. 16). TS Dynamic filed a response (ECF No. 19), to which Rangel replied (ECF No. 23).

Also before the court is plaintiff/counter-defendants National Outsourcing Services ("NOS") and Nationwide Outside Services Corp.'s motion to strike TS Dynamic's claim for punitive damages. (ECF No. 17). TS Dynamic filed a non-opposition response (ECF No. 20), to which the counter-defendants replied (ECF No. 24).

**I.  Facts**

This case arises out of a series of contract disputes. (ECF No. 1). Rangel owns NOS, which engages in the business of outsourcing employee management tasks for various companies, including employee benefits, workers' compensation, unemployment insurance withholding, and Medicare. (ECF No. 16 at 2). After TS Dynamic expressed interest in buying NOS, the companies agreed to a transfer twenty-five of NOS's accounts to TS Dynamic. *Id.* at 2–3. As part of the agreement, TS Dynamic agreed to pay NOS's tax and workers' compensation liabilities, as well as a percentage of revenues derived from current and future

accounts. *Id*. at 3. Under a second agreement, NOS maintains that TS Dynamic agreed to indemnify and defend NOS from lawsuits associated with workers' compensation insurance. *Id*. at 4.

On January 23, 2019, NOS filed a complaint against TS Dynamic, alleging that TS Dynamic breached the agreements by failing to make its contractually obligated payments and failing to defend NOS from liabilities stemming from lawsuits against it. (ECF No. 1). NOS also alleges that TS Dynamic, or related defendants, have stolen NOS's identity and infringed on its trademarked name to conduct fraudulent business. (ECF Nos. 1, 16 at 5). NOS alleges that TS Dynamic has conducted itself as NOS in Alabama and has failed to pay tax liabilities under NOS's name in that state. *Id*.

On March 11, 2019, TS Dynamic filed a third-party complaint against Rangel, alleging that Rangel violated a non-compete clause contained in the agreement. (ECF No. 12 at 13–15). In response, Rangel and NOS filed the instant motions to dismiss the third-party complaint and to strike TS Dynamic's claim for punitive damages. (ECF Nos. 16, 17).

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual

allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The Starr court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id*.

## III. Discussion

Currently before the court are Rangel's motion to dismiss TS Dynamic's third-party complaint (ECF No. 16) and NOS's motion to strike TS Dynamic's claims for punitive damages. (ECF No. 17).

*a. Motion to dismiss*

Rangel asserts that he cannot be sued as a third-party defendant under Federal Rule of Civil Procedure ("FRCP") 14, which governs third-party practice in the federal courts. Fed. R. Civ. P. 14; (ECF No. 16). TS Dynamic argues that Rangel is a proper third-party defendant because TS Dynamic's claims against Rangel arise out of the same transaction or occurrence as

the claims in the original complaint. (ECF No. 19 at 3). The court disagrees.

Asserting a third-party complaint under FRCP 14 is proper only when the third-party defendant's liability necessarily depends on the outcome of the underlying claim and is secondary or derivative of the primary defendant's liability. *See* Fed. R. Civ. P. 14(a)(1) ("A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or party of the claim against it"); *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983).

Although TS Dynamic's claim against Rangel arises out of the same contract as NOS's claims, TS Dynamic does not seek indemnification or contribution from Rangel as to these claims. (ECF No. 12). Therefore, because Rangel's potential liability is not alleged to be derivative of TS Dynamic's alleged liability to NOS, TS Dynamic cannot initiate a claim against Rangel as a third-party defendant. *See* Fed. R. Civ. P. 14(a)(1); *One 1977 Mercedes Benz*, 708 F.2d at 452; *Marrocco v. Johnston*, 2019 WL 2146678 at *2 (D. Nev. 2019).

In the alternative, TS Dynamic argues that joining Rangel as a defendant to this action is allowable under FRCP 13 and 20. (ECF No. 19 at 3). However, FRCP 13 governs counterclaims and crossclaims, and applies only to individuals who have already been joined to the action. *See* Fed. R. Civ. P. 13. Additionally, although TS Dynamic *may* be able to permissively join Rangel to this action under FRCP 20, TS Dynamic has not taken appropriate action to do so.[1] Accordingly, TS Dynamic's alternative argument is also unpersuasive.

Because Rangel has not been properly joined as a defendant or third-party defendant, the court grants Rangel's motion to dismiss TS Dynamic's third-party claims against him, without prejudice.

b. *Motion to strike*

TS Dynamic does not oppose the motion to strike its claims for punitive damages against counter-defendants. *See* (ECF No. 20 at 1–2). Therefore, the court grants the motion to strike.

---

[1] In its response, TS Dynamic requests leave to amend its pleadings to bring Rangel into this action as a primary defendant. (ECF No. 19 at 6). If TS Dynamic would like to amend its pleadings, it must file an appropriate motion that comports with the district's local rules. *See* LR 7-2, 15-1; LR IC 2-2(b).

4

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Rangel's motion to dismiss TS Dynamic's third-party complaint (ECF No. 16) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that TS Dynamic's third-party claims against Rangel (ECF No. 12) be, and the same hereby are, DISMISSED, without prejudice.

IT IS FURTHER ORDERED that Rangel's motion to strike TS Dynamic's claim for punitive damages (ECF No. 17) be, and the same hereby is, GRANTED.

DATED THIS 15th day of July 2019.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE